ORIGINAL

Halsband Law Offices
39 Hudson Street, 4th Floor
Hackensack, New Jersey 07601
Jyoti M. Halsband (JH-9171)
David S. Halsband (DH-4609)
(201) 487-6249

**06 CIV. 5765**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

**BRIEANT**

LORRAINE WOOD,

                Plaintiff,

-against-

THE STATE OF NEW YORK,
THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES, THE MID-ORANGE
CORRECTIONAL FACILITY, MICHAEL KANNON,
INDIVIDUALLY AND AS A CORRECTIONS OFFICER
FOR THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES, GLENN S. GOORD,
INDIVIDUALLY AND AS COMMISSIONER OF
THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONAL SERVICES, DANA
KELLER, INDIVIDUALLY AND AS A CORRECTIONS
OFFICER FOR THE STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES,

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

**CIVIL ACTION NO.**

Plaintiff, Lorraine Wood, by her attorneys, Halsband Law Offices, alleges for her Complaint as follows:

## JURY DEMAND

1. Plaintiff, Lorraine Wood, demands a trial by jury of all issues in this action.

## NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendants, the State of New York, the State of New York Department of Correctional Services, the Mid-Orange Correctional Facility (collectively, the State of New York, the State of New York Department of Correctional Services, and the Mid-Orange Correctional Facility are referred to as the "NYSDOC"), Michael Kannon, Individually and as a Corrections Officer for NYSDOC (hereinafter, "Kannon"), Glenn S. Goord, Individually and as Commissioner of the NYSDOC (hereinafter, "Goord"), Dana Keller, Individually and as a Sergeant for the NYSDOC (hereinafter, "Keller"), (collectively, the NYSDOC, Kannon, Goord, and Keller are referred to as the "Defendants"), for unlawful discrimination, hostile work environment, sexual harassment, and retaliation based upon Plaintiff's sex and gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (hereinafter, "Title VII"), 42 U.S.C. § 1983 (hereinafter "Section 1983"), and the New York State Human Rights Law, Section 290 et seq. of the Executive Law of the State of New York (hereinafter, "Human Rights Law"), and in violation of Plaintiff's rights under the Free Speech Clause of the First Amendment of the United States Constitution and violating Plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the Plaintiff's claims in this action pursuant to 28 U.S.C. § 1331, Section 1983, Title VII, the United States Constitution, and under the principles of pendent jurisdiction.

4. This action was timely commenced within 90 days of receipt of the Notice of Right to Sue dated June 5, 2006 from the United States Department of Justice.

5. The Defendants are found, transact business, have agents, and are within the jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff is an adult female and currently resides at 96 Wickham Drive, Warwick, New York.

8. The Defendant, the State of New York, maintains offices throughout the State of New York.

9. The Defendant, the State of New York Department of Correctional Services, maintains an office at The Harriman State Campus, 1220 Washington Avenue, Albany, New York.

10. The Defendant, the Mid-Orange Correctional Facility, maintains a prison facility located at 900 Kings Highway, Warwick, New York, County of Orange. This facility houses only male inmates.

11. Defendants Kannon and Goord are, upon information and belief, adult male residents of the State of New York and are employees of the NYSDOC. Defendant Keller, upon information and belief, is a former employee of the NYSDOC and is a resident of the State of Tennessee.

12. At all relevant times, Defendant Kannon is and has been a Corrections Officer for the NYSDOC and is stationed at the Mid-Orange Correctional Facility in Warwick, New York.

13. At all relevant times, Defendant Goord is and has been the Commissioner of NYSDOC.

14. At all relevant times, Defendant Keller was a Corrections Officer for the NYSDOC and was stationed at the Mid-Orange Correctional Facility in Warwick, New York.

15. Upon information and belief, Defendants are, and all times mentioned hereinafter were, authorized to do business in the State of New York.

16. Defendants Kannon, Goord, and Keller are persons subject to the mandates of Section 1983.

17. The Defendant, the State of New York, is an "employer" under Title VII as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

18. The Defendant, the State of New York Department of Correctional Services, is an "employer" under Title VII as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

19. The Defendant, the Mid-Orange Correctional Facility, is an "employer" under Title VII as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

20. The Defendant, the State of New York, is also an "employer" as defined in Section 292(5) of the Human Rights Law.

21. The Defendant, the State of New York Department of Correctional Services, is also an "employer" as defined in Section 292(5) of the Human Rights Law.

22. The Defendant, the Mid-Orange Correctional Facility, is also an "employer" as defined in Section 292(5) of the Human Rights Law.

23. At all relevant times, Plaintiff took direction from the Defendants.

24. At all relevant times, the Defendants jointly exercised control over the terms and conditions of Plaintiff's employment.

25. Upon information and belief, the Defendants and their agents jointly made the decisions that led to the violation of the Plaintiff's rights under Section 1983, Title VII, and the Human Rights Law.

## FACTS

26. NYSDOC has employed the Plaintiff as a Corrections Officer since 1997 at its facility known as the Mid-Orange Correctional Facility located in Warwick, New York.

27. At all relevant times, the Plaintiff has performed and continues to perform her job duties satisfactorily.

28. On or about August 2, 2005, the Plaintiff was advised that Defendant, Corrections Officer Michael Kannon, distributed sexually explicit photographs throughout the jail claiming falsely that said photographs depicted the Plaintiff.

29. The Plaintiff was extremely offended at these actions.

30. When the Plaintiff confronted Officer Kannon, he shamelessly and unapologetically admitted to doing so. Incredibly, he then advised the Plaintiff that he has stacks of sexually explicit photographs, which he removed from a desk and gave to the Plaintiff. At all times, Officer Kannon's conduct towards the Plaintiff was unwelcome, unsolicited, and highly offensive.

31. On or about August 2, 2005, the Plaintiff opposed this sexual harassment, discrimination, and hostile work environment by complaining to her superiors, including the Captain and also to Diversity Management.

32. Since the Plaintiff engaged in said protected activity, she has been subjected to threats and retaliation, such as the following:

| | |
|---|---|
| a. August 8, 2005: | Defendant Kannon said in a very loud voice that he was going golfing with the Commissioner of the Department of Corrections, in an effort to intimidate the Plaintiff; |
| b. August 14, 2005: | the union chief told the Plaintiff that "some people were telling him to turn his back on her"; |
| c. August 24, 2005: | Defendant Kannon threatened her by telling her to "be careful, be very, very careful"; |
| d. August 25, 2005: | Defendant Kannon told an inmate, in the presence of the Plaintiff, "be careful, watch yourself"; |
| e. August 26, 2005: | an inmate told the Plaintiff that the nude pictures claimed to be her by Defendant Kannon were all over the jail; |
| f. September 26, 2005: | when the Plaintiff entered the lineup room, all of the officers, including the supervisors, got up and walked away and looked at her in disgust; |
| g. On other occasions: | the Plaintiff has been told that she is referred to as the "lawsuit Queen" and "bitch" by corrections officers and "fucking deadbeat" by Defendant Keller. Defendant Keller has even denied her to be relieved from duty on many occasions, when previously such leave was routinely granted. |

33. The Defendants admitted in their EEOC Position Statement that Defendant Kannon should have been discharged because of his egregious behavior.

6

34. The Defendants further admitted in their EEOC Position Statement that Kannon's actions "have created a hostile work environment."

35. Despite admitting that Defendant Kannon created a hostile work environment against the Plaintiff based on her sex and gender, the Defendants have not taken appropriate remedial action to correct the sexual harassment and discrimination, hostile work environment, and retaliation against the Plaintiff.

36. Defendant Kannon has not been discharged from NYSDOC.

37. No remedial action was taken against Defendant Kannon until at least May 2, 2006, at which time, upon information and belief, he was suspended for 30 days. Such actions were tantamount to no remedial action since Defendant Kannon has been allowed to continue working in the same facility as the Plaintiff and to cause other Correction Officers to no longer remain affable with the Plaintiff and to threaten and retaliate against the Plaintiff.

38. On May 10, 2006, after his suspension was given (but not being served), Defendant Kannon said, "be careful, watch yourself," to an inmate, in reference to the Plaintiff. Again, this was done in retaliation against the Plaintiff.

39. On May 11, 2006, Plaintiff went to the Chart Office. Over the radio, which is carried by every officer, a transmission from Officer Filipowski to Defendant Kannon occurred, in which he said "good luck over the next 30 days," referring to his suspension that was to begin May 12. Defendant Kannon then responded over the radio, "Thanks a lot guys. I am really going to miss you," while pretending to cry. This was mocking his suspension. Everyone in the Chart Office laughed while the Plaintiff was present and humiliated. Under normal circumstances, the policy prohibits officers from using the radios in a joking fashion. That policy was not followed in this instance, to the detriment of the Plaintiff.

7

40. Defendants' failure to remedy the hostile work environment and have an effective remedial policy against discrimination has placed the Plaintiff's life in danger. She fears that she will not receive assistance from other Corrections Officers in the event a dangerous situation was to develop in the handling of inmates. The absence of such assistance could prove to place her safety in jeopardy. The Plaintiff's fear is well grounded since most Corrections Officers will no longer talk to her because of her opposition to this sexual harassment and hostile work environment. The Plaintiff is now treated as an outcast for opposing sexual harassment.

41. Moreover, Defendant Kannon has been attempting to intimidate the Plaintiff. He has made it known throughout the facility that he is "friends" with Defendant Goord, the Commissioner of the Corrections Department. This attempted intimidation serves only to intensify the hostile work environment.

42. In addition, other Corrections Officers have asked the Plaintiff just how far she plans to pursue opposing such sexual harassment. The Plaintiff was also bluntly told that certain Corrections Officers have told the union to "turn its back" on the Plaintiff. Moreover, now, when the Plaintiff enters a room at the jail, all conversations cease, as though she was the wrongdoer. This retaliatory conduct against the Plaintiff is not only unlawful, but repugnant, given that she has done nothing wrong, other than to oppose this severely vulgar, discriminatory, and unequal treatment by Defendants.

43. This sexual harassment and hostile work environment by Defendant Kannon is no surprise to the Defendants. The Defendants were on notice of Defendant Kannon's discrimination and harassment against female corrections officers. It has been rather well known in the jail that in the past Kannon has posted sexually explicit photographs of females in the bathroom and has referred to another female Corrections Officer as a "fucking cunt."

Obviously, Kannon was not disciplined for such conduct or, if he was, such discipline was so ineffective that it failed to deter him from continuing such discriminatory conduct. This demonstrates that the Defendants have failed to establish or enforce an effective policy against sexual harassment.

44. The Defendants' inaction indicates to the employees and, worse, to the inmates, that such abhorrent behavior towards women will be tolerated. In an environment with such a large population of inmates convicted of crimes against women, the Defendants' inaction is particularly dangerous and inexcusable. This failure by the Defendants and the absence of such a policy have now placed the Plaintiff's career—and, indeed, potentially her life—in peril. Moreover, given the fact that the inmates are aware of the sexually explicit photographs and references to the Plaintiff, she is at great risk for potential harm by the inmates. Accordingly, because of the danger the Defendants have placed the Plaintiff in because of her sex, gender, and her opposition to their unlawful employment practices, Plaintiff's employment has been materially and detrimentally altered.

45. Because of Defendant Kannon's unlawful sexual harassment and hostile work environment and the Defendants' unlawful employment practices in failing to prevent such actions and provide an appropriate remedial policy, the Plaintiff's working conditions have been materially and detrimentally altered and her work environment is unsafe. This has caused the Plaintiff to suffer rather extensive emotional and physical injuries.

46. Based on the foregoing, the Plaintiff has suffered humiliation, embarrassment, and mental and physical distress.

47. By and through their course of conduct as alleged above, Defendants and their agents have violated the Plaintiff's rights under Title VII, Section 1983, the Human Rights Law, the

Free Speech Clause of the First Amendment of the United States Constitution, and Article I, Section 8 of the New York State Constitution.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER TITLE VII AGAINST THE NYSDOC FOR UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

48. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49. By and through their course of conduct as alleged above, the NYSDOC and their agents willfully violated Title VII, 42 U.S.C. § 2000e et seq., by subjecting the Plaintiff to a hostile work environment, discriminating against the Plaintiff and denying her equal terms and conditions of employment, harassing the Plaintiff, retaliating against the Plaintiff, and materially altering the terms and conditions of her employment because of her gender and sex.

50. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER TITLE VII AGAINST THE NYSDOC FOR UNLAWFUL RETALIATION

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. By and through their course of conduct as alleged above, the NYSDOC and their agents willfully violated Title VII, 42 U.S.C. § 2000e et seq., by retaliating against the Plaintiff because she opposed being denied equal terms and conditions of employment based on her gender and sex.

53. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST THE NYSDOC FOR UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

54. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55. By and through their course of conduct as alleged above, the NYSDOC and their agents willfully violated the Human Rights Law by subjecting the Plaintiff to a hostile work environment, discriminating against the Plaintiff and denying her equal terms and conditions of employment, harassing the Plaintiff, retaliating against the Plaintiff, and materially altering the terms and conditions of his employment because of her gender and sex.

56. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST THE NYSDOC FOR UNLAWFUL RETALIATION

57. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58. By and through their course of conduct as alleged above, the NYSDOC and their agents willfully violated the Human Rights Law by retaliating against the Plaintiff because she opposed being denied equal terms and conditions of employment based on her gender and sex.

59. As a consequence thereof, Plaintiff has been causes to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF UNDER SECTION 1983 AGAINST KANNON, GOORD, AND KELLER FOR UNLAWFUL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

60. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61. By and through their course of conduct as alleged above, the Defendants Kannon, Goord, and Keller violated Section 1983 by subjecting the Plaintiff to a hostile work environment, discriminating against the Plaintiff, harassing the Plaintiff, retaliating against the Plaintiff, and materially altering the terms and conditions of her employment because of her gender and sex, and thereby depriving her of the equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

62. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST DEFENDANTS KANNON, GOORD, AND KELLER FOR AIDING AND ABETTING UNLAWFUL DISCRIMINATION

63. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

64. By and through their course of conduct as alleged above, Defendants Kannon, Goord, and Keller willfully violated the Human Rights Law by aiding and abetting the unlawful discrimination and hostile work environment against the Plaintiff based on her sex and gender.

65. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST DEFENDANTS KANNON, GOORD, AND KELLER FOR RETALIATION

66. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

67. By and through their course of conduct as alleged above, Defendants Kannon, Goord, and Keller willfully violated the Human Rights Law by harassing and treating the Plaintiff differently in retaliation for her opposition to being denied equal terms and conditions of employment based on her sex and gender.

68. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS THE NYSDOC FOR VIOLATIONS OF THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

69. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

70. By and through their course of conduct as alleged above, the Defendants the NYSDOC denied the Plaintiff her freedom of speech rights under the First Amendment to the

United States Constitution by harassing Plaintiff, denying her equal terms and conditions of employment, and retaliating against her because she opposed sexual harassment.

71. As a result, the Defendants caused Plaintiff lost pay and benefits, embarrassment, mental anguish, and severe emotional distress, in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS KANNON, GOORD, AND KELLER FOR VIOLATIONS OF THE FREE SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO SECTION 1983

72. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

73. By and through their course of conduct as alleged above, the Defendants Kannon, Goord, and Keller denied the Plaintiff her freedom of speech rights under the First Amendment to the United States Constitution by harassing Plaintiff, denying her equal terms and conditions of employment, and retaliating against her because she opposed sexual harassment.

74. As a result, the Defendants caused Plaintiff lost pay and benefits, embarrassment, mental anguish, and severe emotional distress, in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS THE NYSDOC FOR VIOLATION OF ARTICLE I, SECTION 8 OF THE NEW YORK STATE CONSTITUTION

75. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

76. By and through their course of conduct as alleged above, the Defendants the NYSDOC denied the Plaintiff her freedom of speech rights under Article I, Section 8 of the New York State Constitution by harassing Plaintiff, denying her equal terms and conditions of employment, and retaliating against her because she opposed sexual harassment.

77. As a result, the Defendants caused Plaintiff lost pay and benefits, embarrassment, mental anguish, and severe emotional distress, in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

(a)   accepts jurisdiction over this matter;

(b)   impanels and charges a jury with respect to the claims for relief; and

(c)   awards the following damages against Defendants:

  i.   Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to determined at trial;

  ii.  Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional and physical distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

  iii. Attorneys' fees, costs, and expenses as provided for by the applicable statutes; and

  iv.  Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
       July 28, 2006

Respectfully submitted,

HALSBAND LAW OFFICES

By: _____
David S. Halsband (DH-4609)
Attorneys for Plaintiff Lorraine Wood
39 Hudson Street, 4th Floor
Hackensack, New Jersey 07601
(201) 487-6249