UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LORRAINE WOOD,

               Plaintiff,               06 Civ. 5765 (CLB)

    - against -

THE STATE OF NEW YORK et. al.,

               Defendants.
------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

### PRELIMINARY STATEMENT

      Defendants the State of New York, the State of New York Department of Correctional Services ("DOCS"), Mid-Orange Correctional Facility ("Mid-Orange Facility or Mid-Orange"), Glenn S. Goord, former Commissioner of DOCS, and former corrections officer Dana Keller (collectively "defendants") by their attorney, Eliot Spitzer, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to dismiss.[1]

      Plaintiff, Lorraine Wood, a corrections officer at Mid-Orange Correctional Facility claims that 1) DOCS violated Title VII by subjecting her to a hostile work environment and retaliating against her; 2) DOCS violated the New York State Human Rights Law ("HRL") by subjecting her to a hostile work environment and retaliation; 3) DOCS violated the free speech clause of the New York State Constitution and the First Amendment to the United States Constitution; 4) defendants Goord and Keller violated Section 1983 by depriving plaintiff of equal protection under the law in violation of the Fourteenth Amendment and by violating the Free Speech Clause of the First Amendment to the United States Constitution; and 5) defendants Goord and

---

[1] Defendant Michael Kannon, who is not represented in this action by the Attorney General of the State of New York, is not a party to this motion.

Keller violated the Human Rights Law by aiding and abetting unlawful discrimination and retaliating against plaintiff.

Defendants move to dismiss portions of plaintiff's complaint on the following grounds: (1) DOCS, the State of New York and Mid-Orange Correctional Facility and the individual defendants sued in their official capacities move for dismissal of all claims based on the New York State Human Rights Law and the New York State Constitution as barred by the Eleventh Amendment. (2) To the extent that plaintiff asserts claims against the institutional defendants and individual defendants in their official capacities under § 1983 (Complaint ¶¶ 69-71) for violation of plaintiff's First Amendment rights, these claims are also barred by the Eleventh Amendment. (3) The State of New York and Mid-Orange Facility move to dismiss plaintiff's Title VII claims against them for failure to state a claim on the ground that they (unlike DOCS) are not employers within the meaning of the statute. (4) Plaintiff's claim brought pursuant to Article I, Section 8 of the New York State Constitution also should also be dismissed for failure to state a claim. Complaint ¶¶ 75-77. (5) Defendant Goord moves for dismissal of all claims against him based on his lack of personal involvement and qualified immunity.

In brief, defendants move to dismiss all claims brought against defendants Goord, State of New York and Mid-Orange Facility; all claims against DOCS except plaintiff's Title VII claims; and all claims against defendant Keller except for plaintiff's New York State Human Rights Law claim and §1983 claim, to the extent that these claims are brought against Keller in his personal/individual capacity.

### STATEMENT OF FACTS

Plaintiff's central allegation is that officer Kannon distributed sexually explicit

photographs throughout Mid-Orange Correctional Facility falsely claiming that they depicted her. Complaint, ¶¶ 28-30. Plaintiff claims that officer Kannon threatened her after she complained about his conduct and stated that he was friends with and went golfing with Commissioner Goord in order to intimidate her. Id. at ¶¶ 32, 41. Plaintiff alleges that the remaining defendants condoned and failed to remedy such conduct by refusing to fire officer Kannon or to imposed more than a thirty day suspension for his transgressions. See, Complaint, ¶¶ 35-37. Plaintiff also alleges that officer Kannon had previously posted sexually explicit photographs of women in the facility bathroom and had referred to female corrections officers as a "fucking cunt" but that the remaining defendants did nothing about these violations. Id. at ¶ 43. Plaintiff claims that defendants' failure to remedy the hostile work environment has placed her life in danger because she fears that she will not receive assistance from other corrections officers in the case of an emergency. Id. at ¶ 40.

## ARGUMENT

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept the allegations in the complaint as true. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); see also Leather v. Ten Eyck, 180 F.3d 420, 423 (2d Cir. 1999). However, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (citation omitted). Further, a complaint must be dismissed if the pleadings do not adequately delineate the elements of a cause of action upon which the complaint is based. See Tarshis v. Riese Organization, 211 F.3d 30, 39 (2d Cir. 2000).

## POINT I

**PLAINTIFF'S STATE LAW AND §1983 CLAIMS AGAINST THE INSTITUTIONAL DEFENDANTS AND INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT**

A.   **Human Rights Law and State Constitutional Claims Are Barred**

The Eleventh Amendment bars suits in federal court for monetary damages by citizens against state agencies, entities and state officials acting in their official capacities absent waiver of immunity and consent to suit by the state or abrogation of constitutional immunity by Congress.  See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-147 (1993); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 97-103 (1984) and Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991).

Moreover, it is also well-settled that New York State and its agencies are immune from suit under N.Y. Executive Law §296.  State waiver of Eleventh Amendment immunity will be found "only where stated 'by the most express language or by such over-whelming implications from the text as [will] leave no room for any other reasonable construction.'" Edelman v. Jordan, 415 U.S.651, 673 (1974), quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909).  Courts which have examined the question have consistently held that "[n]othing in the HRL [New York State Human Rights Law] provides any basis for finding that New York State has waived immunity thereunder." Pazamickas v. New York State Office of Mental Retardation & Developmental Disabilities, 963 F.Supp. 190, 196 (N.D.N.Y. 1997), citing, Jungels v. State Univ. College of New York, 922 F.Supp 779. 784 (W.D.N.Y.1996), aff'd, 112 F.3d 504 (2d Cir. 1997); Moche v, City Univ. of New York, 781 F.Supp 160, 167-169

(E.D.N.Y. 1992), aff'd, 999 F.2d 538 (2d Cir. 1993); Cassels v. Univ. Hospital at Stony Brook, 740 F.Supp. 143, 147-148 (E.D.N.Y. 1990); see Cunningham v. New York State Dep't of Labor, 2006 U.S. Dist. LEXIS 65227, *13 (N.D.N.Y. Sep't 12, 2006); Blasio v. New York State Dep't of Correctional Services, 2005 U.S. Dist. LEXIS 42683, *9 (W.D.N.Y. August 31, 2005); Phills v. New York State Dep't of Labor, 53 F. Supp. 2d 551, 558 (N.D.N.Y. 1999).

In addition, claims brought under the State Constitution against the State, such as here, are also barred by the Eleventh Amendment. Bad Frog Brewery v. New York State Liquor Authority, 1996 U.S. Dist. LEXIS 18068, *15-*19 (N.D.N.Y. Dec. 5, 1996); Weir v. Broadnax, 1990 U.S. Dist. LEXIS 15795, *23, *24 (S.D.N.Y. Nov. 26, 1990).  Therefore, all state claims against the institutional defendants and the individual defendants in their official capacities are barred by the Eleventh Amendment.

**B**.     **Section 1983 Claims Against the State and Defendants Goord and Keller in their Official Capacities Are Barred**

To the extent that plaintiff asserts claims under § 1983 against the institutional defendants and defendants Keller and Goord in their official capacities, these claims are also barred.  The Eleventh Amendment bars all federal suits for any kind of relief against the State of New York, its agencies and entities, in the absence of the State's unequivocal waiver of its immunity or an unequivocal abrogation of its immunity by Congress.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 97-100 (1984).  The Eleventh Amendment also bars suits in federal court for any kind of relief (other than injunctive relief) against state officials in their official capacities absent a waiver of immunity and consent to suit by the state or abrogation of constitutional immunity by

Congress.[2]  See, e.g., Pennhurst, 465 U.S. at 101-03; Kentucky v. Graham, 473 U.S. 159, 169 (1985) (state official sued in his official capacity is immune from suit for money damages); Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990), cert. denied, 501 U.S. 1211 (1991).  Furthermore, it is well settled that 42 U.S.C. § 1983 has been held not to have abrogated a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 343 (1979).  Nor has the State of New York consented to suit in federal court or to this suit against its entities. Trotman v. Palisades Interstate Park Commissioner, 557 F.2d 35, 38-40 (2d Cir. 1977). Therefore, plaintiff's § 1983 claims against the institutional defendants and the individual defendants in their official capacities are barred by operation of the Eleventh Amendment.

  Furthermore, DOCS, the State of New York Mid-Orange Correctional Facility and state officials (Keller and Goord) sued in their official capacities are not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police,  491 U.S. 58, 70 (1989). Accordingly, plaintiff's § 1983 claims against these defendants requires dismissal on this additional ground.  Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1988).

## POINT II

**PLAINTIFF'S TITLE VII CLAIMS AGAINST THE STATE OF NEW YORK AND MID-ORANGE CORRECTIONAL FACILITY SHOULD BE DISMISSED BECAUSE THESE DEFENDANTS ARE NOT EMPLOYERS WITHIN THE MEANING OF TITLE VII**

A. Plaintiff's Title VII Claims

  Plaintiff has asserted Title VII hostile environment and retaliation claims against the State of New York, DOCS and the Mid-Orange facility. (See Complaint, Counts I and II,

---

[2]Neither Commissioner Goord nor former officer Keller is currently employed by DOCS, and therefore they are unable to provide plaintiff with prospective injunctive relief.

pars. 48-53.).  DOCS is the only proper defendant in connection with plaintiff's Title VII claims because neither the State of New York nor the Mid-Orange facility is the "employer" of plaintiff, as defined by Title VII..

Title VII provides, in relevant part, that "it shall be an unlawful employment practice for an employer... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's... sex." 42 U.S.C. § 2000e-2(a).  The term "employer" is defined in Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceeding year, and any agent of such person."  42 U.S.C. §2000e(b).  <u>Farrell v. State of New York</u>, 946 F. Supp. 185 (N.D.N.Y. 1996), was an employment discrimination case in which Title VII claims had been asserted by a New York State trooper who worked at the New York State Bureau of Audit Control against the State of New York, The New York State Division of State Police and The New York State Bureau of Audit and Control.  In <u>Farrell</u>, Judge McAvoy analyzed the definition of the term "employer" under Title VII quoted above and concluded that "as the State of New York and the New York State Bureau of Audit Control are not the employers of the plaintiff, they may not be named as defendants to the Title VII action," and granted the motion to dismiss.  <u>Farrell</u>, 946 F. Supp. at 191.  Accordingly, he dismissed the Title VII claims against the State and the facility where the plaintiff worked, and permitted her Title VII claims to proceed only against the state agency which employed her.  Similarly, this court should dismiss plaintiff Wood's Title VII claims against the State of New York and The Mid-Orange facility, and permit them to go forward only against DOCS.

## POINT III

## PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO THE STATE CONSTITUTION SHOULD BE DISMISSED

Unlike the federal enabling statutes, which permit actions for damages following the violation of a constitutional right, "no explicit constitutional or statutory authority sanctions a private right of action for violations of the New York State Constitution." Wahad v. FBI, 994 F.Supp. 237, 238 (S.D.N.Y. l998) (citing Brown v. State of New York, 89 N.Y.2d 172, 674 N.E.2d 1129, 1137, 652 N.Y.S.2d 223 (1996)).  However, in Brown, the New York State Court of Appeals considered an appeal of a Court of Claims decision, which held that direct actions for violations of the New York State Constitution are not cognizable in any state court without some link to a common-law tort. Id. at 1131.  The Court modified that decision and recognized a "narrow" private right of action against the State for equal protection and search and seizure violations of the New York State Constitution.  Id. at 1131, 1138-39, 1141, 1144. However, in order for the Court to "recognize a damage remedy it must be implied from the Constitution itself."  Brown, 89 N.Y.2d 172, 674 N.E.2d at 1137, 652 N.Y.S.2d 223.

Moreover, while Brown did recognize a narrow private right of action for violations of the State Constitution, "it is unavailable where an alternative remedy will adequately protect the interests at stake."  Coakley v. Jaffe, 49 F.Supp. 2d 615, 628-29 (S.D.N.Y. 1999) (no right of action under the New York State Constitution because "any violation of plaintiff's right to be free from unreasonable searches or seizures can be vindicated" through plaintiff's viable Fourth Amendment claim); see also Martinez v. Sanders, 2004 U.S.Dist. LEXIS 10060 (S.D.N.Y. June 3, 2004) (dismissing claim based on the State Constitution where available alternatives existed); Bath Petroleum Storage, Inc. v. Sovas, 136 F.Supp. 2d 52, 58

8

(N.D.N.Y. 2001) (declining to find a private right of action under the New York State Due Process Clause where plaintiff stated a viable Section 1983 claim against defendants); Flores v. City of Mount Vernon, 41 F.Supp. 2d 439, 447 (S.D.N.Y. 1999) (dismissing New York State constitutional claim "because no private right of action exists for violation of the New York State Constitution where a Plaintiff has alternative damage remedies" under Section 1983); Wahad, 994 F.Supp. at 240 ("the existence of alternative damage remedies under Section 1983 obviates the need to imply a private right of action under the State Due Process Clause").

Here, plaintiff is able to prosecute his state constitutional claim under Section 1983 against the individual defendants in their personal capacities and can sue DOCS under Title VII for unlawful retaliation. Complaint ¶¶ 51-53, 72-74. Plaintiff is also able to sue the individual defendants for retaliation under the HRL. Complaint ¶¶ 66-68. Clearly, plaintiff has an alternative avenue to protect her interests. Therefore, this Court should not recognize a private right of action under the State Constitution. Coakley, 49 F.Supp. 2d at 628-29; Martinez, 2004 U.S.Dist. LEXIS at *24;; Bath Petroleum Storage, Inc., 136 F.Supp. 2d at 58.

## POINT IV

**ALL CLAIMS AGAINST DEFENDANT GOORD SHOULD BE DISMISSED BECAUSE HE WAS NOT PERSONALLY INVOLVED IN ANY DEPRIVATION**

Liability under 42 U.S.C. § 1983 requires that a defendant be personally involved in a constitutional deprivation. Liability cannot be based on a theory of respondeat superior. Monell v. New York City Depart. of Social Services, 436 U.S. 658, 694 (1978); Hemmings v. Gorczyk, 134 F.3d 104, 109 n.4 (2d Cir. 1998) (respondeat superior cannot form the basis for a § 1983 claim). Here, plaintiff's claims against former Commissioner Goord should be dismissed because he was not personally involved in any action or omission that plaintiff claims violated her constitutional

rights. High ranking defendants such as Commissioner Goord cannot be held personally liable simply because they were in positions of authority in the prison system. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). Rather, the plaintiff must establish fault and causation on the part of each defendant. Consequently, a defendant's personal involvement in the alleged constitutional violation is a pre-requisite to the imposition of damages. See, e.g., Monell v. New York City Department of Social Services, 436 U.S. 658, 690-695. (1978); Rizzo v. Goode, 423 U.S. 362, 370-371 (1976); Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987), Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1977), Alfaro Motors Inc. V. Ward, 814 F.2d 883, 886 (2d Cir 1986).

Supervisors may be held liable only if they are personally involved in actions that caused the deprivation of constitutional rights. The Second Circuit has outlined five ways in which a supervisory official may be personally involved in a § 1983 violation:

> (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995). These factors favor dismissal of the action as to all individual defendants.

Commissioner Goord

The only allegation against Commissioner Goord is that officer Kannon told plaintiff that he was friends with and went golfing with the Commissioner in order to intimidate plaintiff. Complaint at ¶¶ 32(a), 41. It was not alleged that former Commissioner Goord had any involvement in officer Kannon's actions or the investigation of the actions or any further disciplinary proceedings against officer Kannon. Plaintiff has alleged none of the theories of liability discussed in Colon.

She has not alleged that Commissioner Goord (1) participated in any discrimination against her; (2) became aware of the discrimination through a report and failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising individuals who committed the wrongful acts or (5) that his acts exhibited deliberate indifference by failing to act on information.  All that is alleged against Commissioner Goord is that a corrections officer claims that he was friends with the Commissioner and played golf with him.  Since plaintiff has failed to allege any acts or omissions by former Commissioner Goord that would constitute personal involvement, plaintiff's Section 1983 claims against him requires dismissal.

In addition, personal involvement is also required in order to state a claim under the New York State Human Rights Law.  Howe v. Town of Hempstead, 2006 U.S. Dist. LEXIS 78927, *31, *32 (E.D.N.Y. Oct. 30, 2006); Long v. Marubeni America Corp., 406 F. Supp. 2d 285, 300 (S.D.N.Y. 2005); Lee v. Overseas Shipholding Group, Inc., 2002 U.S. Dist. LEXIS 15355 (S.D.N.Y. August 21, 2002).  Therefore, claims under the HRL against former Commissioner Goord are also subject to dismissal based on Commissioner Goord's lack of personal involvement.

## POINT V

**DEFENDANT GOORD IS ENTITLED TO QUALIFIED IMMUNITY**

State officials "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 614 (1999).  "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful." Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003).  "[T]he

11

objective legal reasonableness of an official's actions must be viewed in light of the action's relationship to the clearly established law at the time, and not to some more general standards of reasonable and appropriate governmental conduct." Walentas v. Lipper, 862 F.2d 414, 423 (2d Cir. 1988), cert. denied, 490 U.S. 1021 (1989). Where "officers of reasonable competence could disagree on this issue, immunity should be recognized." Malley v. Briggs, 475 U.S. 335, 341 (1986). Accord Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987).

Further, "in order for a supervisor to be held liable under section 1983, both the law allegedly violated by the subordinate and the supervisory liability doctrine under which the plaintiff seeks to hold the supervisor liable must be clearly established." Poe v. Leonard, 282 F.3d 123, 126 (2d Cir. 2002). "The first step" in the qualified immunity analysis "is to determine whether the alleged conduct violates any constitutionally protected right at all. Conduct that does not violate any constitutional right certainly does not violate a constitutional right that was 'clearly established' at the time the conduct occurred." Mozzochi v. Borden, 959 F.2d 1174, 1179 (2d Cir. 1992) (citing Siegert v. Gilley, 500 U.S. 226 (1991). Here, as shown in Point III above, the evidence establishes that defendant Goord did not violate plaintiff's constitutional rights, and he is therefore entitled to qualified immunity. Plaintiff has simply not alleged any actions or omissions by former Commissioner Goord that violate any clearly established constitutional right. There is no clearly established precedent prohibiting Commissioner Goord from acting or not acting as he did. Furthermore, even if he did act against clearly established precedent, it was reasonable for him to believe that no precedent barred him from doing so. Therefore, Commissioner Goord is entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the following claims should be dismissed (1) plaintiff's Title VII claims except against DOCS; (2) plaintiff's HRL claims except against defendant Keller in her personal capacity; (3) plaintiff's §1983 claims except against defendant Keller in her personal capacity and (4) plaintiff's claims brought pursuant to the State Constitution.

Dated: New York, New York
       December 7, 2006

                        Respectfully submitted,

                        ELIOT SPITZER
                        Attorney General of the State of New York
                        Attorney for Defendants

                        By:
                        Benjamin Lee (BL-7440)
                        Assistant Attorney General
                        120 Broadway, 24th floor
                        New York, New York 10271
                        Telephone (212) 416-8922