UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LORRAINE WOOD,

                Plaintiff,

        - against -

STATE OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------x

06 Civ. 5765 (CLB)

***Memorandum and Order***

Brieant, J.

Before this Court for decision are (1) Motion for Summary Judgment by the State of New York Department of Correctional Services (Doc. 31) dated July 23, 2007; Motions for Summary Judgment by defendant Michael Kannon (Docs. 40 and 46).

By her Complaint filed July 31, 2006, Ms. Lorraine Wood, a New York State Corrections Officer, employed at Mid-Orange Correctional Facility in this District, sued to recover damages against the named Defendants for "Unlawful Discrimination, Hostile Work Environment, Sexual Harassment and Retaliation" based on Plaintiff's sex and gender in violation of Title VII, 42 U.S.C. § 2000e *et seq* and the New York Human Rights Law, as well as for violation of Plaintiff's rights under the Free Speech Clause of the First Amendment of the United States Constitution and for violation of her right of Freedom of Speech under the New York State Constitution.

The Court has subject matter jurisdiction over all of the claims pleaded and the action was timely commenced following receipt of the Right to Sue Letter dated June 5, 2006.

The Complaint alleges separate claims for Unlawful Discrimination and Hostile Work Environment (First Claim); against the NYSDOC for Unlawful Retaliation (Second Claim) under
§ 1983 of Title 42 against Kannon, Goord and Keller for Unlawful Discrimination and Hostile Work Environment; for materially altering the Terms and Conditions of her Employment because of her gender and sex and thereby depriving her the equal protection of the law under the Fourteenth Amendment of the United States Constitution (Claim 5); against Kannon, Goord and Keller for Aiding and Abetting Unlawful Discrimination (Claim 6); against Kannon, Goord and Keller for Retaliation for her opposition to being denied equal Terms and Conditions of Employment based on her Sex and Gender (Claim 7). The Complaint seeks back pay, front pay and all benefits along with pre and post judgment interest as well as punitive, liquidated and compensatory damages, attorneys fees, costs and expenses.

The following facts are not disputed or are based on the record viewed most favorably to Plaintiff. Michael Kannon, a co-worker of Plaintiff, while not on duty, was "surfing the web" for pornography on July 29, 2005, and came upon pictures of a naked woman that he believed to be the Plaintiff. The subject of the pictures was identified on the website as being from the Warwick, New York area, where Plaintiff was known by Kannon to reside at that time.

He downloaded two of the photographs from the Internet which appeared to him to be of the Plaintiff and, on July 31, 2005, brought them to the correctional facility and showed them to

eight co-workers, asking each of them whether they recognized the person and photographs. Although Kannon claims in his Affidavit sworn to July 30, 2007 that thereafter he destroyed the pictures, there is evidence that on an unknown date, he caused or permitted the pictures to be posted in a part of the facility used by the Correctional Officers where the inmates also entered to do janitorial services and were able to see the photos. Kannon denied any purpose or intention to humiliate or discriminate against the Plaintiff.

On August 2, 2005, Plaintiff reported to Captain Niles, a superior officer, that Michael Kannon had pictures of nude women in the prison and was showing them to other officers and claiming that they looked like her. Whether the photographs actually depicted Plaintiff, and whether they appeared on the internet with her consent, is unclear. She requested that Kannon be disciplined for his conduct. Captain Niles notified Superintendent Keller and the Labor Relations Office. Upon being interviewed by these officials, Officer Kannon admitted bringing nude photos into the workplace showing them to other officers and asking them if any of them looked like Officer Wood. He also claimed that the pictures had been destroyed. The facility management investigated whether a copy of a picture was circulating among the inmates but found no proof of this.

The Department of Correctional Services has a series of rules and policies against sexual harassment.

A Notice of Discipline dated September 8, 2005 was served on Officer Kannon

consistent with the relevant provisions of the New York State Civil Service Law and the applicable Collective Bargaining Agreement affecting the staff at Mid-Orange Correctional Facility. The Notice sought Kannon's dismissal from his employment and loss of accrued annual leave. Officer Wood was consulted about the proposed disposition of these administrative charges. She decided to request termination of Officer Kannon's employment and the Office of Labor Relations of DOCS proceeded to seek that result. A labor arbitration was regularly held under the Collective Bargaining Agreement on March 24, 2006, before an impartial arbitrator. Officer Kannon admitted the charges against him and asked for leniency in light of his many years of service. The Arbitrator found that Officer Kannon had violated the Department's Sexual Harassment Policy, and also concluded that the proposed penalty of dismissal was too severe in light of all relevant factors including that Kannon had sought no sexual favors from Officer Wood. The Arbitrator held that there was a lack of evidence that he intended to embarrass her, and that he had admitted his wrongful conduct, expressed regret and promised that the inappropriate actions would not be repeated; also, Officer Kannon's twenty-two years of excellent service with no significant prior disciplinary history were cited by the Arbitrator in support of his decision to fix the penalty at thirty days suspension.

Plaintiff also claims that there were instances of retaliation as a result of having asserted her claims under the Sexual Harassment Policy. On August 8, 2005, Officer Kannon said he was "going golfing with the Commissioner on August 14, 2005." A leader of the Collective

Bargaining Unit was advised to "turn his back on the Plaintiff." On August 24, 2005, Kannon told the Plaintiff to be "very careful" and on the following day told an inmate in the Plaintiff's presence to "be careful, watch yourself." On September 26, 2005, a group of Officers got up, walked away and looked at her in disgust when Plaintiff entered the room. At unidentified times and places, unidentified Officers referred to the Plaintiff as the "lawsuit queen" and as "bitch." Sergeant Keller referred to Plaintiff as a malingerer and, at unidentified times, denied her leave requests.

On May 11, 2006, Officer Kannon, prior to beginning his thirty day suspension, thanked other Correction Officers over the radio within the institution for their support. At unidentified times, unnamed Officers had asked the Plaintiff how far she plans to pursue her lawsuit and according to Plaintiff, when she enters a room at the facility "All conversations cease." She also accuses Kannon of having laughed in ranks during the regularly scheduled reading of the Department Sexual Harassment Policy, and having made an obscene comment about a drawing.

A number of the improper comments now characterized as threats were not the subject of a contemporaneous report of incident. The record is also clear that Plaintiff's job postings have remained the same at all times and that she has never sought, and on occasion, has refused accommodations such as a relocation to another nearby institution or a different job assignment within the Mid-Orange Facility and has never made a request that Officer Kannon be transferred to a different facility.

This Court assumes, for purposes of this motion although the point is in dispute, that Kannon's conduct was sufficient to create a hostile work environment. This being so, the response by DOCS was more than adequate to invoke for the employer the protection granted by the Supreme Court in the cases of *Faragher v. City of Boca Raton* and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 775 and 524 U.S. 742, respectively (each decided June 26, 1998). The record is clear that the employer exercised reasonable care to prevent and correct the sexually harassing behavior. At least in part the Plaintiff unreasonably failed to take advantage of corrective opportunities provided by the employer to the extent that she concedes she did not report or complain about some of the post picture displaying events. On the present record, it is not claimed that the photographs are, in fact, those of Plaintiff but merely that they depict a woman from the Warwick neighborhood and she "looks like the Plaintiff."

While this Court can sympathize with the fact that some of the co-workers refused to socialize, or left the room when Plaintiff entered, this does not arise to the level of a hostile work environment and is probably without the power of an employer to correct. Plaintiff never sought an investigation of the supposed threats or advice to be careful and watch yourself. Some of the contentions of retaliation appear to this Court to be simply speculation unsupported by admissible evidence, and based simply on *post hoc propter hoc*.

DOCS is not chargeable with any neglect or unfairness to Plaintiff simply because an impartial arbitrator failed to gratify her request that he be discharged. There is a strong public policy in New York in favor of Collective Bargaining leading to a form of job tenure under a

Collective Bargaining Agreement, under which a worker cannot be discharged except following a

binding arbitration.  Discharge is regarded as "Capital Punishment" in the Labor Relations field

and hardly ever granted with respect to a worker who has a generally unblemished prior record.

On the facts presented, the employer was in full compliance with *Faragher and Ellerth.*  It did

all it was required to do to invoke the defense based on those cases.  That the Arbitrator rejected its

decision to discharge Plaintiff's co-worker, is no fault of the Defendant.

Plaintiff has failed to show that any Defendant took adverse employment action against

her which was causally related to the protected activity of opposing gender discrimination.

Plaintiff also has failed to demonstrate an actual violation of her First Amendment rights.

Assuming, as we do, that Plaintiff's speech reflects a matter of public concern that there should

be no sex discrimination in public employment, she has not showed that she suffered an adverse

employment action caused by any Defendant as a result thereof.  These claims are properly

dismissed.

The State Law claims relating to Equal Protection, Hostile Work Environment and her

claim against Sergeant Keller are likewise unsupported by sufficient evidence to justify a

reasonable juror in finding in Plaintiff's favor.  Summary Judgment is granted as to those claims

also.

Because Summary Judgment is being granted based on the evidence or lack thereof, this Court does not reach the issue of Qualified Immunity asserted by defendant Keller.

The Cross Claim in which Defendant Kannon seeks his costs of defense in this litigation is dismissed without prejudice, with leave to pursue the claim in the Courts of the State of New York by an Article 78 proceeding or otherwise. Having resolved all of the Federal claims in this lawsuit, no purpose will be served in continuing to exercise Supplemental Jurisdiction over that claim.

The motions for Summary Judgment are granted and the Complaint and Cross-Claim are dismissed. Dismissal of the Cross Claim is without prejudice. The Clerk shall file a final judgment.

X

    X

        X

SO ORDERED.

Dated: White Plains, New York
      October 31, 2007

                                                *Charles Brieant*
                                            Charles L. Brieant, U.S.D.J.